**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAUREEN RICCIO on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.<br><br>        Defendant. | Civil Action No.: 13-4445 (PGS)<br><br>**MEMORANDUM AND ORDER** |

   This matter is before the Court on a motion for to dismiss by Alliance One Receivables Management, Inc. ("Alliance One") pursuant to Fed. R. Civ. P. 12(c). [ECF No. 12.]

   The Complaint seeks to certify a class of all New Jersey residents who have been subject to violations of the Fair Debt Collection Act by Defendant Alliance One.[1] The named Plaintiff, Maureen Riccio, bases her complaint on receiving one communication from Alliance One and one response received from Alliance One by her lawyer in response to a "cease and desist all collection efforts" letter sent by him to Alliance One. The communication to Ms. Riccio is half a page (the second half is a payment coupon which is not depicted here). Under Alliance One's letter head, Plaintiff's name and account number, the following language appears:

---

[1] Although the complaint seeks class certification, no motion to certify the purported class has been filed. Therefore, this issue will not be addressed in this opinion.

> We can settle your past due account for 30% off the balance!
> We will accept $2527.81 as a settlement.
>
> Please follow the Instructions outlined:
> 1. Make your money order or check payable to CAPITAL ONE BANK (USA), N.A
> 2. Document payment as "Settled"
>
> Upon receipt and clearance of your payment, we will notify our client that you have satisfied your account. If you have any questions or concerns, please call our office and a friendly agent will assist you.
>
> Telephone: 800-279-3480
>
> As long as you haven't made other arrangements to repay this debt, you are eligible for this offer. For accounting purposes, your settlement must be received within 30 calendar days after the date on this letter. If you wish to make a different payment proposal, please call us to discuss it.
>
> By sending us a check or giving us your checking account information for payment, you authorize AllianceOne to collect funds electronically or the agreed dates and amounts, in which case your check may not be returned to you. We can also arrange for a direct debit from your checking account.
>
> As of the date of this letter, you owe $3611.16. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.
>
> Payments can be made online at www.capitalone.com/solutions .
>
> Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client. For additional information contact your tax professional.
>
> This communication is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose

In response to Plaintiff's attorney's letter to Alliance One, Alliance One forwarded a statement of account, and several other paragraphs which are not depicted below. The statement of account reads:

| | |
|---|---|
| Principal | $3,611.16 |
| Interest | $.00 |
| Attorney's Fees | $.00 |
| Costs | $.00 |
| Credits | $.00 |
| Balance Due | $3,611.16 |

Plaintiff argues that the communication from Alliance One to Ms. Riccio is misleading because it "requires the least sophisticated debtor to question whether, or not, interest will accrue on the debt, thereby "threatening to add interest or other charges when there was no legal basis . .

. . to do so." The Plaintiff reaches this conclusion by comparing the language in the communications "[y]our account balance may be periodically increased due to the addition of accrued interest or other changes if so provided in your agreement with your original creditor" – with the later statement received by her attorney which states no interest is due. Additionally, plaintiff claims that the least sophisticated debtor would be confused by the payment figures listed in the communication from Alliance One—the "balance due" of $3611.16, and the "settlement amount" of $2527.81. Plaintiff also claims that the procedures for payment of the settlement amount are unclear on the face of the letter, and that the least sophisticated debtor would question whether, when, and how to make a payment that would be considered satisfactory to eliminate the debt owed.

Alliance One has moved for dismissal of the complaint, arguing that the letter speaks for itself and has but one interpretation. Therefore, Alliance One argues, because there can be only one interpretation of the letter, there can be no possible deception or confusion, with the result that plaintiff's complaint fails to state a claim upon which relief may be granted.

## DISCUSSION

### I. Standard of Review

A party may make a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard for a decision pursuant to Rule 12(c) is nearly identical to that for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *See Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). The Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384

(3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

## II.     The Collection Letter As An Offer Of Settlement

The collection letter which forms the basis for this purported class action suit contains settlement language. The Third Circuit has found that such settlement letters in collection matters are not, of themselves, inherently improper. *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 299 (3d Cir. 2008). "Forbidding them would force honest debt collectors seeking peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt—something that is clearly at odds with the language and purpose of the [FDCPA]." *Id.* (internal quotation marks omitted). However, such letters are nevertheless "within the ambit of § 1692e, which prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Campuzano*, 550 F3.d at 300 (quoting 15 U.S.C. § 1692e). In analyzing the allegedly deceptive practices of a debt collector, courts in this Circuit "have analyzed the statutory requirements from the perspective of the least sophisticated debtor." *Id.* at 298 (internal quotation marks omitted).

Plaintiff argues that using the "least sophisticated debtor" standard required by the Third Circuit, the settlement letter violates 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Plaintiff has asserted that the use of the word "payment" in one line of the letter could be confusing, as a debtor may not know whether the word refers to payment of the settlement or of the total balance due. The exact language of which plaintiff complains appears in the letter as follows:

> **We can settle your past due account for 30% off the balance!**
>
> We will accept $2527.81 as a settlement.
>
> Please follow the instructions outlined:

1. Make your money order or check payable to CAPITAL ONE BANK (USA), N.A
2. Document payment as "Settled"

Upon receipt and clearance of your payment, we will notify our client that you have satisfied your account. If you have any questions or concerns, please call our office and a friendly agent will assist you.

**Telephone: 800-279-3480**

As long as you haven't made other arrangements to repay this debt, you are eligible for this offer. For accounting purposes, your settlement must be received within 30 calendar days after the date on this letter. If you wish to make a different payment proposal, please call us to discuss it.

(Compl., Exhibit A.)

Taking this provision in its entirety, it is clear that the word "payment" refers to the settlement payment. The term is surrounded by instructions for payment of the settlement amount, which this Court notes is exactly 30% less than the total balance due noted in two other places in the letter. While the court is obliged to construe the statutory language of 15 U.S.C. § 1692e from the perspective of the least sophisticated debtor, that standard does not require the Court "ignore [the] rational characteristics of even the least sophisticated debtor and instead rely on unrealistic and fanciful interpretations of collection communications that would not occur to even a reasonable or sophisticated debtor." *Campuzano*, 550 F.3d at 299. "Even the least sophisticated debtor is bound to read collection notices in their entirety." *Id.* In light of these requirements, plaintiff's argued interpretation of the language is unreasonable.

### III. The Collection Letter's Mention of Interest Pursuant To The Agreement

Plaintiff has argued that the mention of the addition of interest on the account may be confusing to the least sophisticated debtor because it is clear that the defendant did not, in fact, add interest to the account, and this was a threat used to collect a debt. Plaintiff has argued that this communication violates 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10), which state in

relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (2) The false representation of—
>   (A) the character, amount, or legal status of any debt . . . .
>
> . . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

15 U.S.C. §§ 1692e. Pursuant to 15 U.S.C. § 1692f(1), debt collectors are prohibited from "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

Here, the language complained of by the plaintiff is as follows:

> As of the date of this letter, you owe $3611.16. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.

Compl., Exhibit A.

Utilizing the "least sophisticated debtor" standard as articulated by the Third Circuit in *Campuzano*, 550 F.3d at 298, the court views this statement, when reviewed with the entirety of the letter, as having only one meaning: that the agreement with the original creditor would

govern whether any interest would be added to the amount owed. There was no threat of action "not intended to be taken" articulated in that sentence, nor was there a misrepresentation as to the amount owed. The language merely informs the debtor of the potential for the addition of interest should the agreement with the original creditor call for same. *See generally*, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000) (creating "safe harbor" language for letters that apprise debtors that the amount owed may change due to accumulating interest or late charges).

## CONCLUSION

Defendant has brought a motion to dismiss pursuant to Fed. R. Civ. P. 12(c). Based upon the foregoing, defendant's motion to dismiss is GRANTED.

## ORDER

It is, on this 9th day of October, 2014,

ORDERED that Defendant, Alliance One Receivables Management, Inc.'s motion to dismiss the complaint be and is hereby GRANTED; and it is further

ORDERED that Plaintiff's complaint is dismissed in its entirety with prejudice; and it is further

ORDERED that this case is closed.

Dated: October 9, 2014

_____
PETER G. SHERIDAN, U.S.D.J.